**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern District**

|  |  |
|---|---|
| RAYNARD STUCKEY and SAMANTHA STUCKEY, on behalf of themselves and all others similarly situated, | Case No.: |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| US FERTILITY, LLC, | |
| Defendant. | |

Plaintiffs, Raynard Stuckey and Samantha Stuckey ("Plaintiffs"), by and through undersigned counsel, bring this action against US Fertility, LLC ("Defendant") on behalf of themselves and all others similarly situated, and make the following allegations based upon information, attorney investigation and belief, and upon Plaintiffs' own knowledge:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this case against Defendant for its failure to properly secure and safeguard personal identifiable information and protected health information that Defendant acquired from or created for its patients.

2.      Defendant required this information from its patients or created this information for its patients as a condition or result of medical treatment, including without limitation, names, addresses, dates of birth, MPI (patient identification) numbers, Social Security numbers, driver's license/state ID numbers, passport numbers, credit/debit card information, and financial account information (collectively, "personal identifiable information" or "PII") as well as medical treatment/diagnosis information, medical record information, and health insurance/claims

information (collectively, "personal health information" or "PHI"). Plaintiffs also allege Defendant failed to provide timely, accurate and adequate notice of Plaintiffs and members of the Proposed Class, that their PII and PHI had been lost and precisely what types of information was unencrypted and in the possession of unknown third parties.

## PARTIES

3.      Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

4.      Defendant is a corporation organized under the laws of Delaware, headquartered at 9600 Blackwell Road, Suite 500, Rockville, MD, with its principal place of business in Rockville, MD.

5.      Upon information and belief, Defendant is the largest network of fertility centers in the United States. Defendant provides information technology platforms and services to infertility clinics in numerous states, including Alabama, California, Florida, Georgia, Idaho, Illinois, Maryland, Missouri, Nevada, New York, North Carolina, Pennsylvania, South Carolina, Utah, Virginia and Washington.

6.      In total, Defendant provides administrative and operational support for more than 80 physicians in 55 locations.[1]

7.      Plaintiff Raynard Stuckey is an individual and a resident and citizen of the State of South Carolina and received Defendant's *Notice of Data Incident*, dated January 8, 2021, on or about that date.[2]

---

[1] https://www.usfertility.com/physicians/
[2] See Exhibit 1

8.     Plaintiff Samantha Stuckey is an individual and a resident and citizen of the State of South Carolina and received Defendant's *Notice of Data Incident* letter dated on January 8, 2021, on or about that date.

9.     Plaintiffs Raynard Stuckey and Samantha Stuckey were both patients at Coastal Fertility Specialists at the time of the Data Breach.[3]

## JURISDICTION AND VENUE

10.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

11.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

12.     This court has personal jurisdiction over Defendant because it maintains its principal place of business in this district, regularly and systemically transacts business in this district and the wrong conduct complained of in this complaint occurred in this district.

13.     Venue is proper in this district pursuant to 28 US.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this complaint occurred in this district and Defendant is subject to personal jurisdiction in this district.

## BACKGROUND FACTS

14.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

---

[3] See Ex. 1, at 1. ("Defendant provides IT platforms and services to several infertility clinics, including Coastal Fertility Services.")

15.     In order to obtain medical treatment, Plaintiffs and other patients of Defendant entrust and provide to Defendant an extensive amount of PII.  Defendant also creates PII and PHI for its patients.  Defendant retains this information on computer hardware – even after the treatment relationship ends.

16.     Plaintiffs and Class Members treated by Defendant were required to provide some of their most sensitive and confidential information, including names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport numbers, health insurance information, credit/debit card information and financial account information and other personal identifiable information

17.     In providing treatment to Plaintiffs and Class Members, Defendant created additional sensitive personal information about Plaintiffs and Class Members, including MPA numbers, medical treatment/diagnosis information, medical record information and health claims information.

18.     Defendant provides secure data management for the fertility clinics in its network. This means ensuring that clinic records, which include patients' private and confidential PII and PHI are secure and not disclosed to unauthorized persons.[4]

[space intentionally left blank]

---

[4] https://www.usfertility.com/physicians/practice-success/

🔒 **SECURE DATA MANAGEMENT**

USF provides a host of secure, cloud-based platforms. We start with a detailed analysis of need, organizational readiness and security, existing infrastructure, and deployable resources to design a custom-fit solution that will scale with growth and respond to the ever-changing healthcare and technology landscape.

- Cloud-based electronic medical record (EMR) with outcomes tracking, clinical data, prescriptions, inventory management
- Scheduling, verification, billing & collections, claims management
- Appointment reminders
- Patient portal
- On premises and cloud hosting, network security, monitoring
- Voice/telephony
- Virtualization
- Geography analytics
- End-user computing, help desk
- Internet/WAN
- Servers and storage

19.     On or before September 20, 2020, Defendant determined that an unauthorized actor acquired a limited number of files during a period of unauthorized access, which occurred between August 12, 2020 and September 14, 2020 (the "Data Breach").

20.     In a *Notice of Data Breach* dated January 8, 2021, Defendant advised that it was informing its current and former patients of the Data Breach:

> **What Happened?** On September 14, 2020, USF experienced an IT security event (the "Incident") that involved the inaccessibility of certain computer systems on our network as a result of a malware infection. We responded to the Incident immediately and retained third-party computer forensic specialists to assist in our investigation. Through our immediate investigation and response, we determined that data on a number of servers and workstations connected to our domain had been encrypted by ransomware. We proactively removed a number of systems from our network upon discovery the Incident.  With the assistance of our third-party computer forensic specialists, we remediated the malware identified ensured the security of our environment, and reconnected on September 20, 2020. We also notified federal law enforcement

authorities of the Incident and continue to cooperate with their investigation. The forensic investigation is now concluded and confirmed that the unauthorized actor acquired a limited number of files during the period of unauthorized access, which occurred between August 12, 2020 and September 14, 2020, when the ransomware was executed.

**What information Was Involved?**

We have been working diligently with a specialized team of third-party data auditors to perform a comprehensive review of all information contained in the files accessed without authorization as a result of the Incident. The purpose of this review was to accurately identify any individuals whose personal information may have been present within the impacted files and therefore accessible to the unauthorized actor. We recently received the results of the this review and determined on December 4, 2020 that the following information relating to you was included in the impacted files when they were access without authorization: name and <<Breached Elements>>. The impacted files may have also contained your date of birth. Please note, however, that we have no evidence of misuse of your information as a result of the incident.[5]

21.     Also in January 2021, Defendant amended the *Notice of Data Incident* on its website stating that, in addition to the information previously identified as exposed, the Data Breach also resulted in the exposure of PHI and other PII, including "driver's license/state ID numbers, passport numbers, medical treatment/diagnosis information, medical record information, health insurance/claims information, credit/debit card information and financial account information."[6]

22.     By obtaining, collecting, using and deriving a benefit from Plaintiffs' and members of the Proposed Class' PII and PHI, Defendant assumed legal and equitable duties to those individuals.

---

[5] Id.
[6] https://www.usfertility.com/wp-content/uploads/2021/01/USF-Notice-Security.pdf).

23.     Defendant admits that the unencrypted PII and PHI exposed to "unauthorized activity" included names, addresses, dates of birth, MPI numbers, Social Security numbers, driver's license/state ID numbers, passport numbers, medical treatment/diagnosis information, medical record information, health insurance/claims information, credit/debit card information and financial account information.[7]

24.     The exposed PII and PHI was compromised due to Defendant's negligent and/or careless acts and omissions and the failure to protect PII and PHI of Defendant's current and former patients.   In addition to Defendant's failure to prevent the Data Breach, after discovering the breach, Defendant waited several months to report it.

25.     As a result of this delayed response, Plaintiffs and members of the Proposed Class had no idea their PII and PHI had been compromised, and that they were, and continue to be, at significant risk of identity theft and various other forms of personal, social and financial harm. The risk will remain for their respective lifetimes.

26.     Plaintiffs and the Class members retain a significant interest in ensuring that their PII and PHI, which remains in Defendant's possession, is protected from further breaches, and seek to remedy the harms suffered because of the Data Breach for themselves and on behalf of the Proposed Class.

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

---

[7] Id.

28.     Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> **Class:**
>
> All persons in the United States of America whose PII & PHI was compromised as a result of the Data Breach.

29.     Excluded from the Class is US Fertility and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

30.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

32.     The members of the Class are so numerous and geographically dispersed that individual joinder of all members is impracticable.  Plaintiffs are informed and believe that there are thousands of members of the Class, the precise number being unknown to Plaintiffs, but such number being ascertainable from Defendant's records.  Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

33.     This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitation:

a.   Whether Defendant engaged in the conduct alleged herein;

b.   Whether and to what extent Defendant had a duty to protect the PII and PHI of Plaintiffs and Class Members;

c.   Whether Defendant had respective duties not to disclose the PII and PHI of Plaintiffs and Class Members to unauthorized third parties;

d.   Whether Defendant had a duty not to use the PII and PHI of Plaintiffs and Class Members for non-business purposes;

e.   Whether Defendant failed to adequately safeguard the PII and PHI of Plaintiffs and Class Members;

f.   Whether and when Defendant actually learned of the Data Breach;

g.   Whether Defendant adequately, promptly and accurately informed Plaintiffs and Class Members that their PII and PHI had been compromised;

h.   Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

i.   Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

j.   Whether Defendant was unjustly enriched by retaining payments of Plaintiffs and other Class Members without providing adequate safeguards of the PII and PHI of Plaintiffs and Class Members;

k.   Whether certification of any or all of the Class proposed herein is appropriate under Fed. R. Civ. P. 23;

l.   Whether Plaintiffs and Class Members are entitled to actual damages and/or statutory damages as a result of Defendant's wrongful conduct;

m.  Whether Plaintiffs and Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

n.   The amount and nature of relief to be awarded to Plaintiffs and the other members of the Class.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

**34.**   Plaintiffs' claims are typical of the claims of other members of the Class because, among other things, all such members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

35.   Plaintiffs are adequate representatives for the Class because their interests do not conflict with the interests of other members of the Class they seek to represent.  Plaintiffs have retained counsel competent and experienced in complex, class action litigation and Plaintiffs are committed to vigorously prosecuting the action and have the financial resources to do so.  The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

**Superiority: Fed. R. Civ. P. 23(b)(3)**

36.   A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and other members of the Class are relatively small compared to the burden and expense that would

be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

37.     Even if members of the Class could afford individual litigation, the court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

**Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)**

38.     To the extent that any described Class herein does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiffs seek the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

39.     Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the members of the Class as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**NEGLIGENCE**

**(Plaintiffs and Other Members of the Class)**

40.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

41.     As a condition of their treatment by Defendant, Defendant's current and former patients were obligated to provide Defendant with certain PII and PHI, including their names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport

numbers, credit/debit card information, financial account information, health insurance information.

42.     As a condition of their treatment by Defendant, Defendant created PII and PHI for Defendant's current and former patients, including their MPI numbers, medical treatment/diagnosis information, medical record information, and health claims information.

43.     Plaintiffs and Class Members entrusted their PII and PHI to Defendant on the premise and with the understanding that Defendant would safeguard their information, use their PII and PHI for business purposes only and/or not disclosure their PII and PHI to unauthorized third parties.

44.     Defendant has full knowledge of the sensitivity of the PII and PHI and the types of harm that Plaintiffs and Class Members could and would suffer if the PII and PHI were wrongfully disclosed.

45.     Defendant knew or reasonably should have known that the failure to exercise due care in the collecting, storing and using of its current and former patients' PII and PHI involved an unreasonable risk of harm to Plaintiffs and Class Members, even if the harm occurred through the criminal acts of a third party.

46.     Defendant had a duty to exercise reasonable care in safeguarding, securing and protecting such information from being compromised, lost, stolen, misused and or/disclosed to unauthorized parties.  This duty includes, among other things, designing maintaining and testing Defendant's security protocols to ensure that Plaintiffs' and Class Members' information in Defendant's possession was adequately secured and protected.

47.     Defendant also had a duty to exercise appropriate clearinghouse practices to remove former patients' PII it was no longer required to retain pursuant to regulations.

48.     Defendant also had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiffs' and Class Members' PII and PHI.

49.     Defendant's duty to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiffs' and Class Members.  That special relationship arose because Plaintiffs and Class Members entrusted Defendant with their confidential PII and PHI, a necessary part of obtaining treatment from Defendant.

50.     Defendant was subject to an "independent duty," untethered to any contract between Defendant and Plaintiffs or Class Members.

51.     A breach of security, unauthorized access and resulting injury to Plaintiffs and the Class Members was reasonably foreseeable, particularly in light of Defendant's inadequate security practices.

52.     Plaintiffs and Class Members were foreseeable and probable victims of any inadequate security practices and procedures.  Defendant knew or should have known of the inherent risks in collecting and storing the PII and PHI of Plaintiffs and the class, the critical important of providing adequate security of that that PII and PHI, and the necessity for encrypting PII and PHI stored on Defendant's systems.

53.     Defendant's own conduct created a foreseeable risk of harm to Plaintiffs and Class Members.  Defendant's misconduct included but was not limited to, its failure to take the steps and opportunities to prevent the Data Breach as set forth herein.  Defendant's misconduct also included its decision not to comply with industry standard for the safekeeping of Plaintiffs' and Class Members' PII, including basic encryption techniques freely available to Defendant.

54.     Plaintiffs and Class Members had no ability to protect their PII and PHI that was in, and possibly remains in, Defendant's possession.

55.     Defendant was in a position to protect against the harm suffered by Plaintiffs and Class Members as a result of the Data Breach.

56.     Defendant had and continues to have a duty to adequately disclose that the PII and PHI of Plaintiffs and Class Members within Defendant's possession might have been compromised, how it was compromised, and precisely the types of data that were compromised and when.  Such notice was necessary to allow Plaintiffs and the Class Members to take steps to prevent, mitigate and repair any identity theft and the fraudulent use of their PII and PHI by third parties.

57.     Defendant had a duty to employ proper procedures to prevent the unauthorized dissemination of the PII and/or PHI of Plaintiffs and Class Members.

58.     Defendant has admitted that the PII and PHI of Plaintiffs and Class Members was wrongfully lost and disclosed to unauthorized third persons as a result of the Data Breach.

59.     Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiffs and Class Members by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding the PII and PHI of Plaintiffs and Class Members during the time the PII and PHI was within Defendant's possession or control.

60.     Defendant improperly and inadequately safeguarded the PII and PHI of Plaintiffs and Class Members in deviation of standard industry rules, regulations, and practices at the time of the Data Breach.

61.     Defendant failed to heed industry warnings and alerts to provide adequate safeguards to protect its current and former patients' PII and PHI in the face of increased risk of theft.

62.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of its current and former patients' PII and PHI.

63.     Defendant, through its actions and /or omissions, unlawfully breached its duty to Plaintiffs and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of its current and former patients' PII and PHI.

64.     Defendant breached its duty to exercise appropriate clearinghouse practices by failing to remove former patients' PII and PHI it was no longer required to retain pursuant to regulations.

65.     Defendant, through its actions and/or omissions, unlawfully breached its duty and adequately and timely disclose to Plaintiffs and Class Members the existence and scope of the Data breach.

66.     But for the Defendant's wrongful and negligent beach of duties owed to Plaintiffs and Class Members, the PII and PHI of Plaintiffs and Class Members would not have been compromised.

67.     There is a close casual connection between Defendant's failure to implement security measures to protect the PII and PHI of Plaintiffs and Class Members and the harm suffered or risk of imminent harm suffered by Plaintiffs and the Class.  Plaintiffs' and Class Members' PII and PHI was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII and PHI by adopting, implementing and maintaining appropriate security measures.

68.     As a direct and proximate result of Defendant's negligence, Plaintiffs and Class Members have suffered and will suffer injury including but not limited to: (i) actual identity theft;

(ii) the loss of the opportunity of how their PII and PHI is used; (iii) the compromise, publication and/or theft of the PII and PHI; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud and/or unauthorized use of their PII and PHI; (v) lost opportunity costs associated with effort expended and the loss productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their PII and PHI which remain in Defendant's possession is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the current and former patients' PII and PHI in its continued possession; and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest and repair the impact of the PII and PHI compromised as a result of the Data Breach for the remainder of the lives of the Plaintiffs and Class Members.

69.     As a direct and proximate result of Defendant's negligence, Plaintiffs and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy and other economic and non-economic losses.

70.     As a direct and proximate result of Defendant's negligence, Plaintiffs and Class Members have suffered and will suffer the continued risks of exposure of their PII and PHI, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII and PHI in their continued possession.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**Breach of Implied Contract**

**(Plaintiffs and Other Members of the Class)**

71.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

72.     Defendant required Plaintiffs and Class Members to provide their personal information, including names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport numbers, credit/debit card information, financial account information, health insurance information and other personal information as a condition of their treatment.

73.     As a condition of Plaintiffs' and Class Members' treatment with Defendant, they provided their personal information to Defendant and Defendant created additional information about Plaintiffs, including MPI numbers, medical treatment/diagnosis information, medical record information, and health claims information.   In so doing, Plaintiffs and Class Members entered into implied contract with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiffs and Class Members if their data had been breached, compromised or stolen.

74.     Plaintiffs and Class Members fully performed their obligations under the implied contacts with Defendant.

75.     Defendant breached the implied contacts it made with Plaintiffs and Class Members by failing to safeguard and protect their personal information and by failing to provide timely and accurate notice to them that personal information was compromised as a result of the data breach.

76.     As a direct and proximate result of Defendant's breach of implied contract, Plaintiffs and Class Members have suffered (and will continue to suffer) ongoing, imminent and

17

impending threat of identity theft crimes, fraud and abuse, resulting in monetary loss and economic

harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm;

loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data

on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time

spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time

spent initiating fraud alerts, decreased credit scores and rating; lost work time; and other economic

and non-economic harm.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**INVASION OF PRIVACY**

**(Plaintiffs and Other Members of the Class)**

77.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth

herein.

78.     Plaintiffs and Class Members had a legitimate expectation of privacy to their PII

and PHI and were entitled to the protection of this information against disclosure to unauthorized

third parties.

79.     Defendant owed a duty to its current and former patients, including Plaintiffs and

Class Members to keep their PII and PHI contained as part therefor, confidential.

80.     Defendant failed to protect and released to unknown and unauthorized third parties

the PII and/or PHI of Plaintiffs and Class Members.

81.     Defendant allowed unauthorized and unknown third parties access to and

examination of the PII and/or PHI of Plaintiffs and Class Members, by way of Defendant's failure

to protect the PII and PHI.

82. The unauthorized release to, custody of, and examination by unauthorized d third parties of the PII and/or PHI of Plaintiffs and Class Members is highly offensive to a reasonable person.

83. The intrusion was into a place or thing, which was private and is entitled to be private. Plaintiffs and Class Members disclosed their PII and PHI to Defendant, or allowed Defendant to create their PII and PHI, as part of their treatment by Defendant, but privately with an intention that the PII and PHI, as part of their treatment by Defendant, but privately with an intention that the PII and PHI would be kept confidential and would be protected from unauthorized disclosure. Plaintiffs and Class Members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

84. The Data Breach at the hands of Defendant constitutes an intentional interference with Plaintiffs and Class Members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a king that would be highly offensive to a reasonable person.

85. Defendant acting with a knowing state of mind when it permitted the Data Breach to occur because it was with actual knowledge that its information security practices were inadequate and insufficient.

86. Because Defendant acted with this knowing state of mind, it had notice and knew the inadequate and insufficient information security practices would cause injury and harm to Plaintiffs and the other Class Members.

87. As a proximate result of the above acts and omissions of Defendant, the PII and PHI of Plaintiffs and Class Members was disclosed to third parties without authorization, causing Plaintiffs and Class Members to suffer damages.

88.     Unless and until enjoined and restrained by Order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiffs and Class Members in that the PII and PHI maintained by Defendant can be viewed, distributed and used by unauthorized persons for years to come.  Plaintiffs and Class Members have no adequate remedy at law for the injuries in in that judgment for monetary damages will not end the invasion of privacy for Plaintiffs and the Class.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION
UNJUST ENRICHMENT**

**<u>(Plaintiffs and Other Members of the Class)</u>**

89.     Plaintiffs incorporate by reference, all preceding allegations as though fully set forth herein.

90.     Plaintiffs and other Class Members conferred a monetary benefit on Defendant. Specifically, Plaintiffs and other Class Members paid for services at fertility clinics which, in turn, pay Defendant for administrative, clinical and business services and provided and entrusted their PII and PHI to those fertility clinics and to Defendant.

91.     In exchange, Plaintiffs and other Class Members should have received from Defendant their expected goods and services, such as the security of their PII and should have been entitled to have Defendant protect their PII with adequate data security and timely notice of the Data Breach.

92.     Defendant appreciated, accepted and retained the benefit bestowed upon it under inequitable and unjust circumstances arising from Defendant's conduct toward Plaintiffs and Class Members, Plaintiffs and Class Members conferred a benefit on Defendant and Defendant accepted or retained that benefit.

93.     Defendant failed to secure Plaintiffs' and Class Members' PII and PHI and therefore did not provide full compensation for the monetary benefit Plaintiffs and Class Members conferred on Defendant.

94.     Defendant acquired the PII and PHI through inequitable means in that they failed to disclose the inadequate security practices.

95.     Had Plaintiffs and Class Members known that Defendant would not secure their PII and PHI using adequate security, they would not have chosen to receive care from the fertility clinics that Defendant provides services.

96.     Plaintiffs and Class Members have no adequate remedy at law.

97.     Under these circumstances, it would be unjust for Defendant to be permitted to retain any of the benefits that Plaintiffs and Class members conferred on it.

98.     Under the principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiffs and the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and on behalf of  other members of the Class, prays for judgment in their favor and against Defendant as follows:

A.  Certifying the Class as proposed herein, designating Plaintiffs as Class representatives and appointing undersigned counsel as Class Counsel;

B.  Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

C.  For equitable relief enjoining Defendant from engaging in the wrong conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and the

Class Members' PII and PHI, and from refusing to issue prompt, complete and accurate disclosures to Plaintiffs and the Class Members;

D. For injunctive relief requested by Plaintiffs, including but not limited to, injunctive and other equitable relief as is necessary to protect the interest of Plaintiffs and Class Members, including but not limited to:

i. prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

ii. requiring Defendant to protect, including through encryption, all data collected through the course of its business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

iii. requiring Defendant to delete, destroy, and purge the personal identifying information of Plaintiffs and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiffs and Class Members;

iv. requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the personal identifying information of Plaintiffs and Class Members' personal identifying information;

v. prohibiting Defendant from maintaining Plaintiffs' and Class Members' personal identifying information on a cloud-based database;

vi. requiring Defendant to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct

testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

vii. requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring;

viii. requiring Defendant to audit, test, and train its security personnel regarding any new or modified procedures;

ix. requiring Defendant to segment data by, among other things, creating firewalls and access controls so that if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

x. requiring Defendant to conduct regular database scanning and securing checks;

xi. requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personal identifying information, as well as protecting the personal identifying information of Plaintiffs and Class Members;

xii. requiring Defendant to routinely and continually conduct internal training and education, and on an annual basis to inform internal security

personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

xiii. requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees compliance with Defendant's policies, programs, and systems for protecting personal identifying information;

xiv. requiring Defendant to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendant's information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xv. requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves;

E. For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

E. Scheduling a trial by jury in this action;

F. Awarding Plaintiffs' reasonable attorneys' fees, costs and expenses, as permitted by law;

G. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law; and

H. Awarding such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Dated: February 25, 2021

**DOUGLAS & BOYKIN PLLC**

__/s/_____
By: Curtis A. Boykin, MD Bar No. 22768
Frederick A. Douglas, MD Bar No. 13990
1850 M Street, NW, Suite 640
Washington, District of Columbia 20036
Tel: (202) 776-0370
Email: caboykin@douglasboykin.com
        fadouglas@douglasboykin.com

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin (*Pro Hac Vice Forthcoming*)
Roy T. Willey, IV (*Pro Hac Vice Forthcoming*)
Blake G. Abbott (*Pro Hac Vice Forthcoming*)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: eric@akimlawfirm.com
        roy@akimlawfirm.com
        blake@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PROPOSED CLASS**